UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>        Plaintiff,<br><br>   v.<br><br>RONALD DAVIS,<br><br>        Defendant. | Case No. 16-cv-05046-VC  (PR)<br><br>**ORDER OF DISMISSAL WITH PREJUDICE** |

      Plaintiff Steven Wayne Bonilla, an inmate at San Quentin State Prison, has filed a *pro se* petition for a writ of mandamus under 28 U.S.C. § 1361 for this Court to issue an order requiring Defendant Ronald Davis, Warden of San Quentin State Prison, to respond to Bonilla's petition for a writ of habeas corpus. Bonilla has been disqualified from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g) unless he is "under imminent danger of serious physical injury" at the time he filed his complaint. 28 U.S.C. 1915(g); *In re Steven Bonilla*, No. C 11-3180 CW (PR); *Bonilla v. Dawson*, No. C 13-0951 CW (PR).

      The allegations in this complaint do not show that Bonilla was in imminent danger at the time of filing. Therefore, he may not proceed *in forma pauperis*. Furthermore, he may not proceed even if he pays the filing fee because this court lacks authority to issue a writ of mandamus under these circumstances. *See* 28 U.S.C § 1361. The federal mandamus statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Id.* The statute only allows mandamus to compel federal actors and agencies; federal district courts are without power to issue mandamus to direct state

courts, state judicial officers, or other state officials in the performance of their duties.  A petition for a writ of mandamus to compel a state official to take or refrain from some action is frivolous as a matter of law.  *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991).

Furthermore, the relief Plaintiff seeks pertains to his ongoing attempts to invalidate his conviction.  Therefore, such claims, if raised, must be brought by Bonilla's counsel in his pending federal habeas corpus action, *Bonilla v. Ayers*, No. C 08-0471 YGR (PR).

Accordingly, this action is dismissed with prejudice because amendment would be futile.  The Clerk of the Court shall enter a separate judgment and close this case.

**IT IS SO ORDERED.**

Dated: 9/20/2016

VINCE CHHABRIA
United States District Judge